UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. EDWARD EZOR,<br><br>          Plaintiff,<br><br>          v.<br><br>BETTY YEE, et al.,<br><br>          Defendants. | NO. CV 22-840-JVS (AGR)<br><br><br>REPORT AND<br>RECOMMENDATION OF UNITED<br>STATES MAGISTRATE JUDGE |

The court submits this Report and Recommendation to the Honorable James V. Selna, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California.  For the reasons set forth below, the court recommends the disposition at the end of the Report.

1

I.

2

## PROCEDURAL BACKGROUND

3

On February 7, 2022, Plaintiff Ezor, proceeding *pro se*, filed a complaint

4

under 42 U.S.C. § 1983 against (1) Betty T. Yee, the Chair of the Franchise Tax

5

Board of the State of California ("FTB");[1] (2) the State Bar of California ("State

6

Bar"); (3) Leah T. Wilson, Executive Director of the State Bar; (4) State Bar Client

7

Security Fund Commission ("CSFC") members Jordan N. Wright, Melanie O'Day,

8

Joseph Dimino, Fenglan Liu, and Kristen Pofahl; (5) B. J. Hymes Trust ("Hymes

9

Trust"); (6) Robert Sertner, trustee of the Hymes Trust; and (7) Does 1 though 10.

10

(Dkt. No. 1 at ¶¶ 2-11.)

11

On March 16, 2022, Defendants State Bar, Wilson, Wright, O'Day, Dimino,

12

Liu and Pofahl ("State Bar Defendants") filed a motion to dismiss under Fed. R.

13

Civ. P. 12(b)(1) and 12(b)(6) ("State Bar Motion").  (Dkt. Nos. 26-27.)  Plaintiff

14

filed an opposition.  (Dkt. No. 30.)  The State Bar Defendants filed a reply.  (Dkt.

15

No. 34.)

16

On March 21, 2022, Defendant Yee filed an answer to the complaint.  (Dkt.

17

No. 29.)

18

On May 20, 2022, Defendants Hymes Trust and Sertner ("Hymes Trust

19

Defendants") filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

20

("Hymes Trust Motion").  (Dkt. No. 39.)  Plaintiff filed an opposition.  (Dkt. No. 42.)

21

The Hymes Trust Defendants filed a reply.  (Dkt. No. 43.)

22

II.

23

## LEGAL STANDARDS

24

**A.   Fed. R. Civ. P. 12(b)(1)**

25

A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges

26

27

[1]      Ms. Yee is the California State Controller and chairs the FTB.
*See* https://www.ftb.ca.gov/about-ftb.  Plaintiff describes Defendant Yee as
"Director" of FTB in the complaint.  (Dkt. No. 1 at ¶ 2.)

28

1
2
3
4
5
6
7
8

grounds for federal subject matter jurisdiction.  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  A jurisdictional challenge can be "facial" or "factual."  *Id.*  "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they are 'insufficient on their face to invoke federal jurisdiction.'"  *Id.* (citation omitted).  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6):  Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  *Id.*

9
10
11
12

"A "factual" attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings."  *Id.* (citation omitted).  When the defendant raises a factual attack, the plaintiff must support the jurisdictional allegations by competent proof.  *Id.*

13

**B. Fed. R. Civ. P. 12(b)(6)**

14
15
16
17
18
19
20
21
22
23

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (citations and some internal quotation marks omitted).

24
25
26
27

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In

28

sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

Generally, the court must limit its review to the operative pleading in deciding a motion to dismiss pursuant to Rule 12(b)(6). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Materials that are the subject of judicial notice and materials "submitted as part of the complaint," however, are not "outside" the complaint and may be considered. *Id.*; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A pro se complaint is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a *pro se* civil rights complaint, the plaintiff should be given "notice of the deficiencies in his or her complaint" and provided "an opportunity to amend the complaint to overcome deficiencies unless it is clear [the deficiencies] cannot be cured by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

### III.

### <u>BACKGROUND</u>

**A.  Requests for Judicial Notice**

The State Bar Defendants request judicial notice of the following:

(1) Tentative Decision, dated June 15, 2017, *In the Matter of Client Security Fund Application of Robert M. Sertner, as Temporary Successor Trustee of the Bennett J. Hymes Trust, dated October 5, 1962*, State Bar Client Security Fund Case No. 13-F-10839 (Dkt. No. 26-3);

4

(2) Letter Objection of A. Edward Ezor dated July 18, 2017, *In the Matter of Client Security Fund Application of Robert M. Sertner, as Temporary Successor Trustee of the Bennett J. Hymes Trust, dated October 5, 1962,* State Bar Client Security Fund Case No. 13-F-10839 (Dkt. No. 26-4);

(3) Final Decision, dated August 17, 2017, *In the Matter of Client Security Fund Application of Robert M. Sertner, as Temporary Successor Trustee of the Bennett J. Hymes Trust,* dated October 5, 1962, State Bar Client Security Fund Case No. 13-F-10839 (Dkt. No. 26-5);

(4) Tentative Decision, dated June 15, 2017, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469 (Dkt. No. 26-6);

(5) Letter Objection of A. Edward Ezor dated July 18, 2017, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469 (Dkt. No. 26-7);

(6) Final Decision, dated August 17, 2017, *In the Matter of Client Security Fund Application of Brian M. Culhane and Kevin M. Culhane*, State Bar Client Security Fund Case No. 12-F-12469 (Dkt. No. 26-8);

(7) Decision Recommending Disbarment and Order of Inactive Enrollment, dated December 5, 2013, *In the Matter of A. Edward Ezor*, State Bar Court of California Case No. 12-O-10043-RAP (Dkt. No. 26-9);

(8) Opinion and Order of the State Bar Review Department, dated May 19, 2015, *In the Matter of A. Edward Ezor,* State Bar Court of California Case No. 12-O-10043 (Dkt. No. 26-10); and

(9) Disbarment Order of the Supreme Court of California dated September 23, 2015, *In the Matter of A. Edward Ezor*, State Bar Court of California Case No. 12-O-10043 (Dkt. No. 26-11).  (Dkt. No. 27.)

The Hymes Trust Defendants request judicial notice of two minute orders in *People of the State of California v. Arthur Edward Ezor*, Los Angeles County

1    Superior Court Case No. BA 441505.  (Dkt. No. 39-1 at 5-10; Dkt. No. 39-2.)

2        A court may take judicial notice of the existence and contents of public

3    records on a motion to dismiss without converting it to a motion for summary

4    judgment.  *See* Fed. R. Evid. 201(b)(2); *Lee*, 250 F.3d at 689-90; *MGIC Indem.*

5    *Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986).  A court may take judicial

6    notice of proceedings in other courts if they have a direct relation to matters at

7    issue.  *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well

8    established that we may take judicial notice of judicial proceedings in other

9    courts."); *see Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6

10   (9th Cir. 2006) (taking judicial notice of documents filed in another action for

11   purposes of adjudicating preclusion issues).

12       Accordingly, the court grants the State Bar Defendants' and the Hymes

13   Trust Defendants' requests for judicial notice.

14       **B.  Factual Background**

15           **1.  Allegations in Complaint**

16       On January 28, 2022, Defendant Yee, acting on behalf of the FTB,

17   demanded from Plaintiff payment of a debt to the State Bar in the amount of

18   $214,478.20.  (Dkt. No. 1 ¶ 15 & pp. 8-9.)  On February 7, 2022, Plaintiff notified

19   the FTB "and other interested parties" that he disputed the debt.  (*Id.* ¶ 17.)

20       Plaintiff contends that the demand for payment "constitutes extrinsic fraud

21   and is illegal, unconscionable and fraudulent" because he does not owe this sum.

22   (*Id.* ¶ 16.)  Moreover, the demand for payment is against public policy and

23   constitutes a punitive fine because there is no court judgment that he is liable in

24   that amount.  Defendant Yee knew or should have known that Plaintiff does not

25   owe the purported debt, which constitutes "double dipping" by the Hymes Trust

26   Defendants.  Plaintiff believes that the demand for payment constitutes retaliation

27   for his pending federal court litigation exposing corruption and malfeasance of

28   certain California state officials.  (*Id.*)

The complaint contains two causes of action.  The first cause of action is asserted against Defendant Yee and the State Bar Defendants.  The second cause of action is asserted against the Hymes Trust Defendants.  (*Id.* at 4, 6.)

The first cause of action asserts claims under 42 U.S.C. § 1983.  Plaintiff alleges that his due process, equal protection and Fifth Amendment rights were violated because he has been assessed "an improper, retaliatory and discriminatory alleged indebtedness."  (*Id.* ¶ 21.)  The "alleged indebtedness" is unconstitutional and fraudulent because the State Bar Defendants were biased against Plaintiff, did not act impartially, and should have disqualified themselves.  (*Id.*)  Plaintiff seeks damages, declaratory relief, and an injunction enjoining Defendant Yee and the State Bar Defendants from enforcing the alleged indebtedness and violating his civil and constitutional rights.  (*Id.* ¶¶ 25-26 & p. 7.)

The second cause of action is for declaratory relief.  Plaintiff contends that there is a dispute between him and the Hymes Trust Defendants as to whether the Hymes Trust Defendants "are required to reimburse monies they received to appropriate government agencies related to and concerning the alleged indebtedness."  (*Id.* ¶ 28.)  He seeks a declaration regarding the parties' conflicting contentions and a judgment "that the alleged indebtedness is not owed."  (*Id.* ¶ 30 & p. 7.)

### 2. Plaintiff's State Bar Proceedings

#### a. CSFC

The State Bar is a public corporation established by the California Constitution in the judicial branch.  Cal. Const. art. VI, § 9; *In re Rose*, 22 Cal. 4th 430, 438 (2000).  In 1971, the State Bar created the Client Security Fund ("CSF") pursuant to legislative authorization.  Cal. Bus. & Prof. Code § 6140.5; *Saleeby v. State Bar*, 39 Cal. 3d 547, 555-56 (1985)*.*  An applicant may apply to the fund for payment to relieve or mitigate pecuniary losses caused by dishonest conduct of an active member of the State Bar.  Cal. Bus. & Prof. Code § 6140.5(b).

The CSFC administers the CSF.  Cal. St. Bar Rules, Rule 3.421.  CSF counsel screen an application, conduct an investigation when appropriate, and may submit the application to the CSFC for a tentative decision.  Cal. St. Bar Rules, Rule 3.441(A), (B).  The CSFC may then pursue its own investigation, require documentation and declarations under penalty of perjury, conduct a hearing, and issue subpoenas.  Cal. St. Bar Rules, Rule 3.441(C).  After a tentative decision is served on the attorney and the applicant, they have 30 days to file objections.  Cal. St. Bar Rules, Rule 3.443(B), Rule 3.445(B).  If no objections are received, a tentative decision may be deemed a final decision.  Cal. St. Bar Rules, Rule 3.433(D).  If objections are received, the CSFC will consider the objections, determine if additional investigation or a hearing is necessary, and issue a final decision.  Cal. St. Bar Rules, Rule 3.444.  The maximum reimbursable amount is $100,000.  Cal. St. Bar Rules, Rule 3.434(A).

The CSFC's final decision to grant or deny reimbursement is reviewable by filing a petition for writ of mandate in the superior court.  Cal. St. Bar Rules, Rule 3.450; *see Saleeby,* 39 Cal. 3d at 559.

### b.  Pertinent Proceedings

In January 2013, Defendant Sertner, acting as temporary successor trustee of the Hymes Trust, filed a complaint with the State Bar against Plaintiff and alleged that Plaintiff had misappropriated $194,683 from the Hymes Trust while serving as its successor trustee.  (*See* Dkt. No. 26-3 at 2.)  On September 19, 2013, the State Bar Office of Chief Trial Counsel commenced disciplinary proceedings in State Bar Court.  (*Id.* at 3.)  Effective October 23, 2015, the California Supreme Court ordered Plaintiff disbarred in connection with a separate matter.  (*Id.; see also* Dkt. No. 26-11.)  Because Plaintiff was already disbarred, the disciplinary charges concerning the Hymes Trust were dismissed.  (Dkt. No. 26-3 at 2.)

Defendant Sertner filed an application with the CSF for reimbursement of

1
2
3
4
5
6

the misappropriated funds.  (*Id.* at 2.)  On June 15, 2017, the CSFC issued a Tentative Decision concluding that Plaintiff "received and wrongfully retained or converted from the Hymes Trust in excess of $100,000" and that the Trust "suffered the maximum reimbursable loss of $100,000."  (*Id.* at 3–4.)  The CSFC directed that Sertner be reimbursed $100,000 from the CSF by check payable to the Hymes Trust.  (*Id.* at 4.)

7
8
9
10
11
12

Plaintiff timely objected to the Tentative Decision on the grounds that the matter was pending in a criminal case in Superior Court.[2]  (Dkt. No. 26-4 at 3.)  In a Final Decision issued on August 17, 2017, the CSFC rejected Plaintiff's objections, incorporated the Tentative Decision's findings of fact and conclusions of law, and directed that Sertner, as temporary successor trustee of the Hymes Trust, be reimbursed $100,000 from the CSF.  (Dkt. No. 26-5 at 2-3.)

13
14
15
16
17
18
19
20
21
22

Plaintiff's October 2015 disbarment stemmed from a separate State Bar proceeding involving Plaintiff's representation of Maxine Marx, beneficiary of the estate of her father, Chico Marx.  (Dkt. No. 26-10.)  Maxine Marx's sons Brian and Kevin Culhane, who were co-executors of her estate, applied to the CSF for reimbursement of funds misappropriated by Plaintiff.  (Dkt. No. 26-6.)  After the Culhanes submitted their application, Plaintiff repaid the Marx estate $40,925.10, but the Culhanes later amended their application and in a Tentative Decision dated June 15, 2017, the CSFC found that they were entitled to reimbursement of an additional $56,657.99.  (*Id.*)  Plaintiff objected that the Tentative Decision concerned the subject of a lawsuit pending before the Ninth Circuit Court of

23
24
25
26
27
28

[2]     On September 12, 2019, Plaintiff's criminal case arising out of the Sertner matter was resolved by a plea agreement requiring Plaintiff to make restitution to the Hymes Trust.  (Dkt. No. 39-1 at 5-7, 10.)  According to minute orders in the case, Plaintiff paid $150,000 to the Hymes Trust Defendants before September 15, 2021, and is required to pay $30,000 by September 15, 2022.  (Dkt. No. 39-1 at 9-10.)

Appeals,[3] his disbarment was invalid for fraud on the court, he had already paid the Culhanes and they were collaterally estopped from seeking further repayment. (Dkt. No. 26-7.)  On August 17, 2017, the CSFC issued a Final Decision rejecting his objections, incorporating the Tentative Decision's findings of fact and conclusions of law, and directing that the Culhanes be reimbursed $56,647.99 from the CSF.  (Dkt. No. 26-8.)

### 3.  2017 Lawsuit in Northern District of California

Plaintiff has filed a number of lawsuits challenging various aspects of the State Bar proceedings and criminal proceedings.  Relevant here, on September 14, 2017, he filed a lawsuit under 42 U.S.C. § 1983 in the United States District Court for the Northern District of California against the State Bar, the former executive director of the State Bar, a State Bar prosecutor, and members of the CSFC.  *Ezor v. State Bar,* No. 3:17-cv-05338-WHO ("*Ezor* 17-5338 Action"), Dkt. No. 1.[4]  The complaint alleged that the Sertner and Culhane proceedings before the CSFC were retaliatory and violated due process.  Plaintiff sought damages, declaratory relief, and an order vacating the CSFC's decisions.  (*Id.*)

On January 19, 2018, the district court granted the defendants' motion to dismiss.  (*Ezor* 17-5338 Action*, Dkt. No. 27); *see Ezor v. State Bar,* No. 3:17-cv-05338-WHO, 2018 WL 489035, at *6-9 (N.D. Cal. Jan 19, 2018)  The district court determined that it lacked jurisdiction over the action under the *Rooker-Feldman[5]* doctrine and, even if it had jurisdiction, Plaintiff's claims were barred by res judicata.  *Ezor*, 2018 WL 489035, at *5-8.  In addition, the Eleventh Amendment barred Plaintiff's claims against the State Bar and his claims for

---

[3]      Plaintiff was referring to *Ezor v. Morgenstern*, 698 Fed. Appx. 360 (9th Cir. 2017).

[4]      The court takes judicial notice of the docket in the *Ezor* 17-5538 Action.  *See Rosales-Martinez*, 753 F.3d at 894.

[5]      *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

damages against the individual defendants in their official capacity.  Quasi-judicial immunity protected the individual defendants if sued in their individual capacity. *Id.* at *8.  Moreover, the complaint failed to state a claim.  *Id.* at *9. The district court granted Plaintiff leave to amend.  *Id.*  On February 12, 2018, Plaintiff filed a First Amended Complaint.  *Ezor* 17-5338 Action, Dkt. No. 36.  On March 21, 2018, the district court found the amended complaint insufficient to cure the deficiencies and dismissed it without leave to amend.  *Ezor* 17-5338 Action, Dkt. No. 38.

On February 22, 2019, the Ninth Circuit affirmed the judgment.  *See* Ezor *v. State Bar,* 754 Fed. Appx. 613, 614 (9th Cir. 2019).  "The district court properly dismissed Ezor's due process claim as barred by the doctrine of res judicata because Ezor's claim was raised, or could have been raised, in an administrative proceeding between the same parties that resulted in a final judgment on the merits."  *Id.*  Mandate issued on June 4, 2019.  *(Ezor* 17-5338 Action, Dkt. No. 49.)

### 4.  <u>FTB Debt Collection Proceedings</u>

Effective January 1, 2021, the State Bar is authorized to transmit "any payment from the State Bar of California's Client Security Fund that is part of a final determination from the Client Security Fund . . . and any amounts due pursuant to Section . . . 6140.5 of the Business and Professions Code" to the FTB for participation in the FTB's court-ordered debt collection program.  *See* Cal. Rev. & Tax Code § 19280(a).  The FTB sent Plaintiff a "Demand for Payment-Court Ordered Debt Collections," dated January 28, 2022, for debt owed in State Bar cases 2012-F-12469-1NR and 2013-F10839.  (Dkt. No. 1.)  These are the case numbers for the Culhane and Sertner CSFC proceedings.[6]  (Dkt. Nos. 26-5, 26-8.)

---

[6]      The State Bar Defendants have submitted a a copy of the CSF reimbursement ledger regarding Plaintiff.  (Dkt. No. 26-1, 26-12.)  The court has not considered this document, which is not properly before the court on a motion under Rule 12(b)(6) and a facial attack on jurisdiction under Rule 12(b)(1).

# IV.

## DISCUSSION

### A.  State Bar Motion

The State Bar Defendants have moved to dismiss the complaint under Rule 12(b)(1) and 12(b)(6) on the following grounds: (1) the claims against them are barred by the judgment in the *Ezor* 17-5338 Action; (2) the claims against them are barred by the CSFC Final Decisions; (3) Plaintiff's claims against the State Bar and the individual Defendants in their official capacity are barred by the Eleventh Amendment; (4) the individual Defendants are entitled to quasi-judicial immunity; and (5) Plaintiff fails to state a claim under Section 1983.[7]

### 1.  Claim Preclusion

Defendants contend that the claims against them are barred by the doctrine of res judicata, otherwise known as claim preclusion, because Plaintiff is trying to re-litigate claims that were adjudicated by the District Court in the *Ezor* 17-5338 Action in the Northern District of California.[8]

A claim may be dismissed under the doctrine of res judicata on a motion to dismiss under Rule 12(b)(6) when the court is able to discern the relevant facts by way of judicial notice of the earlier proceedings.  *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984).  "The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action, and is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction."  *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir. 2005)

---

[7]     The State Bar Defendants also contend that the court lacks jurisdiction to hear this case under the *Rooker-Feldman* doctrine, but they have not briefed the issue.

[8]     Plaintiff's assertion that the *Ezor* 17-5338 Action is still pending before the Ninth Circuit is inaccurate.  The Ninth Circuit affirmed the district court's dismissal of the action on February 22, 2019, and mandate issued on June 4, 2019.  (*Ezor* 17-5338 Action, Dkt. Nos. 47, 49.)

(internal punctuation and citation omitted).  The three elements necessary to establish res judicata are: "(1) an identity of claims; (2) a final judgment on the merits; and (3) privity between parties."  *Tahoe–Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

In determining whether a present suit concerns the same claim as prior litigation, the court considers "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Headwaters Inc.*, 399 F.3d at 1052 (alteration and internal citation omitted).  The last criterion is most important.  *Id.*

Plaintiff's complaint in this action alleges infringement of the same right and arises out of the same nucleus of facts as the *Ezor* 17-5338 Action.  In that action, Plaintiff disputed the legitimacy and constitutionality of the CSFC's Final Decisions and contended that the CSFC's decisions to reimburse Sertner and the Culhanes violated Plaintiff's right to due process and constituted retaliation for his pending litigation in federal court.  *Ezor*, 2018 WL 489035, at *7; *see Ezor* 17-5338 Action, Dkt. No. 1 ¶¶ 17-18.  In this action, Plaintiff contends he received an improper demand for payment reflecting indebtedness to the State Bar arising from proceedings that violated his civil rights.  (Dkt. No. 1 ¶¶ 16, 20.)  As the case numbers referenced in the FTB's demand for payment show (Dkt. No. 1 at 8), these were the same proceedings that culminated in the CSFC Decisions that were challenged in the *Ezor* 17-5338 Action and given preclusive effect in that action.

In his opposition, Plaintiff argues that the *Ezor* 17-5338 Action did not involve "unconstitutional attempts, against [Plaintiff]'s civil and constitutional rights, by Defendant Yee to do an improper tax lien and/or levy on [Plaintiff]'s property and monies."  (Dkt. No. 30 at 3.)  He attempts to distinguish this action as directed at

the State Bar's attempt to collect monies from him through the FTB without first obtaining a Superior Court judgment.  (*Id.* at 4.)  But the complaint does not contain any allegations regarding the constitutionality of the State Bar's debt collection efforts through the FTB, which are authorized by statute.  *See* Cal. Rev. & Tax. Code § 19280(a).  Rather, Plaintiff alleges that the FTB's demand for payment is wrongful because the indebtedness itself is wrongful on account of constitutional violations in the underlying proceedings.  (*See* Dkt. No.1 ¶¶ 16, 20.)  This is the same underlying claim that was adjudicated in the *Ezor* 17-5338 Action.

Second, the district court's decision in the *Ezor* 17-5338 Action was a final decision on the merits.  "[D]ismissal of a second action on the ground that it is precluded by a prior action is itself effective as res judicata, and a judgment on the merits that forecloses further litigation of the preclusion question in a third action." 18A Wright, Miller & Elliot, Federal Practice and Procedure § 4435 (3d ed.); *see Cantore v. City of New York*, No. 16 Civ. 2748 (PGG), 2017 WL 11501442, at *8–*9 (S.D.N.Y. Sept. 15, 2017) (judgment dismissing federal action on res judicata grounds was res judicata in later federal action); *Larson v. United States*, No. 11-1946-JST(RNBx), 2012 WL 12896197, at *1 (C.D. Cal. July 31, 2012) (finding claims barred by res judicata effect of judgments in plaintiff's prior federal actions that found same claims barred by res judicata effect of earlier proceeding); *Haefner v. City of Lancaster*, Pa., 566 F. Supp. 708, 711 (E.D. Pa. 1983) (prior dismissal on res judicata grounds "must be accorded the same preclusive effect as the judgment upon which it was predicated").

Third, there is privity between the parties.  In both actions, Plaintiff has sued the State Bar, the executive director of the State Bar, and members of the CSFC. Although the individual Defendants are not the same persons in the two actions, they occupy the same official positions and Plaintiff is suing them on account of those positions.  Even when parties are not identical, privity exists if there is sufficient commonality of interests between the parties.  *Tahoe–Sierra*, 322 F.3d at

14

1081; *see also In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (finding privity when party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted); *Fund for Animals v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992) (noting "judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government"); *Conway v. Geithner*, No, C 12-0264-CW, 2012 WL 1657156, at *3 (N.D. Cal. May 10, 2012) (finding employees of same federal agency to be in privity).

Accordingly, all elements of res judicata are met.  The judgment in the *Ezor* 17-5338 Action bars Plaintiff's claims against the State Bar Defendants in this action.

Because the court has concluded that the judgment in the *Ezor* 17-5338 Action precludes Plaintiff's claims in this action, it is unnecessary to address the State Bar Defendants' additional argument that the CSFC Final Decisions (which were found to have preclusive effect in the *Ezor* 17-5338 Action) have preclusive effect in this action.  The court, however, will address two of the additional arguments raised by the State Bar Defendants, namely, Eleventh Amendment immunity and quasi-judicial immunity.

## 2. **Eleventh Amendment**

The Eleventh Amendment prohibits federal jurisdiction over suits against a state or state agencies unless Congress abrogates immunity or the state consents to suit.  *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).  California has not consented to be sued under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a state's Eleventh Amendment immunity.  *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999); *see Kentucky v. Graham,* 473 U.S. 159, 169 n.17 (1985).  The State Bar is an arm of the state and is entitled to Eleventh Amendment immunity.

*Hirsh v. Justices of Supreme Court of State of Cal.,* 67 F.3d 708, 715 (9th Cir. 1995) (Eleventh Amendment barred suit against State Bar and Bar Court); *see also Lupert v. California State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) (Eleventh Amendment barred suit against State Bar Board of Governors).  For the same reasons, the State Bar is not a "person" subject to suit under Section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

The complaint does not specify whether Plaintiff is suing the individual State Bar Defendants in their individual or official capacities.  Plaintiff, however, identifies them by their positions at the State Bar (executive director and members of the CSFC), alleges that they were acting within the scope of their employment, and does not include any individualized allegations about what they did or omitted to do.  (*See* Dkt. No. 1 ¶¶ 4-9, 13-14.)  In fact, Plaintiff does not allege that the individual State Bar Defendants occupied their positions at the time of the proceedings before the CSFC regarding the Hymes Trust Defendants' and the Culhanes' applications for reimbursement.  It appears Plaintiff is suing the individual State Bar Defendants in their official capacities.

Official capacity claims are an alternative way of pleading a claim against the State.  *Graham*, 473 U.S. at 167 n.14.  Thus, Plaintiff's official capacity claims for damages against the individual State Bar Defendants are also barred by the Eleventh Amendment.  *See Hirsh,* 67 F.3d at 715 (official capacity claims for damages against State Bar judges and prosecutors barred by Eleventh Amendment); *see also Will*, 491 U.S. at 71 (state officials acting in official capacities are not persons under Section 1983).

Accordingly, the Eleventh Amendment bars Plaintiff's claims against the State Bar and his official capacity claims for damages against the State Bar Defendants.  Based on the same reasoning, the Eleventh Amendment bars Plaintiff's official capacity claims against Yee for damages.  *See Silverton v. Department of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) *(*federal court "may

properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related").

### 3. Quasi-Judicial Immunity

"Administrative law judges and agency prosecuting attorneys are entitled to quasi-judicial immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court."  *Hirsh*, 67 F.3d at 715 (citing *Butz v. Economou,* 438 U.S. 478, 511–17 (1978)); *see also Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) ("Absolute immunity extends to agency officials when they preside over hearings, initiate agency adjudication, or otherwise perform functions analogous to judges and prosecutors.")  In *Hirsh*, the Ninth Circuit held that Bar Court judges and prosecutors were entitled to absolute immunity for damages.  67 F.3d at 715.  It explained that "[t]he factors cited by the *Butz* Court apply equally to the personnel of the Bar Court—hearings are adversarial, errors are correctable on appeal, the judges make factual findings and perform other adjudicatory functions, and Bar Court decisions are controversial enough to stimulate harassing damage actions against the adjudicators."  *Id.*

Similarly here, the State Bar executive director and members of the CSFC are entitled to quasi-judicial immunity for their roles in the proceedings before the CSFC regarding Sertner's and the Culhanes' requests for reimbursement.  *See Ezor*, 2018 WL 489035, at *3, *8 (finding former State Bar executive director, State Bar trial counsel, and CSFC members absolutely immune from damages); *Chandler v. State Bar of Cal.*, No. C 08-00437 CRB, 2008 WL 901865, at *5 (N.D. Cal. Mar. 31, 2008) (finding State Bar executive director and attorneys with State Bar's Office of Mandatory Fee Arbitration absolutely immune from damages).

Plaintiff contends that the State Bar Defendants are not entitled to absolute immunity because they engaged in "illegal acts beyond the province of their ministerial compass."  (Dkt. No. 30 at 4.)  The complaint does not describe any

such acts, nor does Plaintiff's opposition specify their nature.  In any case, judicial immunity is not lost even if a plaintiff alleges that the judicial officer's acts were erroneous, malicious, taken in bad faith, or in excess of the judicial officer's authority.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  Rather, judicial immunity is lost only if an action is taken in the "clear absence" of jurisdiction, such as when judicial officers "rule on matters belonging to categories which the law has expressly placed beyond their purview." *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369-70 (9th Cir. 1981).

Accordingly, Plaintiff's claims against the State Bar Defendants in their individual capacity, if any, are barred by quasi-judicial immunity.

### 4. Conclusion

Dismissal without leave to amend is appropriate when a court determines that the deficiencies of the complaint cannot be cured.  *Lopez*, 203 F.3d at 1127. Plaintiff requests leave to amend his claims against the State Bar Defendants. Plaintiff has not identified, and the court cannot discern, any amendment that would evade the bar of res judicata, or cure the other deficiencies discussed above.  It is recommended that Plaintiff's claims against the State Bar Defendants be dismissed without leave to amend.

### B.  Hymes Trust Motion

Plaintiff seeks solely declaratory relief against the Hymes Trust Defendants. (Dkt. No. 1 at 5-7.)  The Hymes Trust Defendants have moved to dismiss the claims against them under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.

To meet the "case or controversy" requirement of Article III and establish standing to sue, a plaintiff must show that he has suffered an "injury in fact," fairly traceable to the defendant's challenged act, that will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  "Standing addresses whether the plaintiff is the proper party to bring the matter to the court

for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010).  "The related doctrine of ripeness is a means by which federal courts may dispose of matters that are premature for review because the plaintiff's purported injury is too speculative and may never occur." *Id.*

The Declaratory Judgment Act authorizes declaratory relief in "a case of actual controversy."  28 U.S.C. § 2201(a).  The phrase "case of actual controversy" refers to the case or controversy requirement of Article III.  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126-27 (2007).  In declaratory relief actions the test is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 127.

Plaintiff alleges that there is a dispute between him and the Hymes Trust Defendants regarding whether the Hymes Trust Defendants "are required to reimburse monies they received to appropriate government agencies related to and concerning the alleged indebtedness."  (Dkt. No. 1 at ¶ 28.)  He requests a declaration "that the alleged indebtedness is not owed, as claimed in" the FTB's demand for payment attached to the complaint.  (*Id.* at ¶¶ 29-30.)

Plaintiff's "alleged indebtedness" referenced in the exhibit to his complaint is to the State Bar.  Although one of the cases referenced in the FTB's demand for payment stemmed from the Hymes Trust Defendants' application to the CSFC for reimbursement of the losses caused by Plaintiff, Plaintiff does not allege that the Hymes Trust Defendants have any connection to the State Bar's utilization of the FTB's court-ordered debt program to collect from Plaintiff.  Plaintiff disputes the legitimacy of the amount sought from him and the constitutionality of the assessment, but that dispute is with the State Bar Defendants and -- given his allegation that Defendant Yee knew or should have known that he does not owe the money (Dkt. No. 1 at ¶ 16) – arguably with the FTB.  A declaration regarding

the Hymes Trust Defendants' reimbursement obligations to the State Bar will not resolve any of these issues.

Plaintiff accuses the Hymes Trust Defendants of "double dipping." (*Id.*)  He protests in his opposition that the Hymes Trust Defendants are committing fraud because they are accepting money from him (presumably under the plea agreement in the criminal action) without reimbursing the State Bar.[9]  But Plaintiff has not shown that his payment obligations to the Hymes Trust under the restitution orders in his criminal action – which is not at issue in this action – will be affected if the Hymes Trust does not appropriately reimburse the State Bar.  And Plaintiff's indebtedness to the State Bar is based on the CSFC decisions, which Plaintiff can no longer challenge.

Plaintiff has not alleged any existing or prospective injury to himself through the Hymes Trust Defendants' alleged failure to reimburse "appropriate government agencies." (Dkt. No. 1 at ¶ 28.)  For the same reasons, a declaration regarding the Hymes Trust Defendants' reimbursement obligations to "appropriate government agencies" would not redress any injury to Plaintiff traceable to acts challenged in the complaint. *Lujan*, 504 U.S. at 560-61.

Plaintiff, therefore, has not demonstrated that there is a substantial controversy between him and the Hymes Trust Defendants of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune,* 549 U.S. at 126-27.  He has not shown standing to pursue claims for declaratory relief against the Hymes Trust Defendants.

In his opposition, Plaintiff argues that he has standing to pursue federal claims against the "subject state actors" (*i.e.,* Defendant Yee and the State Bar

---

[9]     The court disregards, for purposes of adjudicating the pending motions, the Hymes Trust Defendants' assertions that they have appropriately reimbursed the State Bar and will further reimburse it after receiving Plaintiff's final payment.  (Dkt. No. 39 at 10.)  These assertions are not in Plaintiff's complaint or in documents subject to judicial notice, nor are they in any declarations that could be considered under Rule 12(b)(1).

Defendants) and pursue "[r]elated supplemental common law causes of action" against the Hymes Trust Defendants.[10]  (Dkt. No. 42 at 5.)  Plaintiff must establish Article III standing for each claim, including state law claims over which he invokes supplemental jurisdiction.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351-52 (2006) (declining "to permit a federal court to exercise supplemental jurisdiction over a claim that does not itself satisfy those elements of the Article III inquiry, such as constitutional standing" and reiterating that "a plaintiff must demonstrate standing for each claim he seeks to press"); *see also Turner v. City and County of San Francisco*, 892 F. Supp. 2d 1188, 1198 (C.D. Cal. Aug. 29, 2012) ("Article III standing must be established for each claim, including those over which there is supplemental jurisdiction").

In light of its conclusion that Plaintiff has not shown standing to seek the requested declaratory relief against the Hymes Trust Defendants, the court will not address their additional arguments that supplemental jurisdiction over Plaintiff's claim against them is not proper under 28 U.S.C. § 1367(a), or alternatively, should be declined under 28 U.S.C. § 1367(c).[11]

It is therefore recommended that Plaintiff's claims against the Hymes Trust

---

[10]    Plaintiff does not purport to assert a federal claim against the Hymes Trust Defendants and there are no allegations in the complaint that could support such a claim.  The Declaratory Judgment Act only creates a remedy and is not an independent basis for federal jurisdiction.  *See Stock West, Inc. v. Confederated Tribes of the Coville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Plaintiff sues Defendant Yee and the State Bar Defendants under Section 1983, but a Section 1983 action may only be brought against defendants acting under color of state law.  West v. *Atkins*, 487 U.S. 42, 48 (1988).  The Hymes Trust Defendants are private parties.  Although a private party may act under color of state law when engaged in a conspiracy with state officials to deprive another person of federal constitutional rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), nothing in the complaint or opposition suggests that Plaintiff could allege any such scenario.

[11]    "A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'"  *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (citing 28 U.S.C. § 1367(c)).  Although the court has concluded that the claims against the State Bar Defendants should be dismissed on res judicata grounds, the Section 1983 claim against Defendant Yee, who filed an answer, remains pending.

Defendants be dismissed without prejudice, and without leave to amend because amendment would be futile. *See Fleck & Assoc., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

## V.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an order (1) accepting this Report and Recommendation; (2) granting the State Bar Defendants' motion to dismiss and dismissing all claims against them without leave to amend; (3) granting the Hymes Trust Defendants' motion to dismiss and dismissing all claims against them without leave to amend and without prejudice; and (4) dismissing the official capacity claims against Defendant Yee for damages.

DATED: August 5, 2022

ALICIA G. ROSENBERG
United States Magistrate Judge